IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11331
Summary Calendar
_____

KENNETH LAWTON CROUCH,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1273-X
- - - - - - - - - -

March 11, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Kenneth Lawton Crouch, Texas prisoner # 582767, appeals the district court's dismissal of his 28 U.S.C. § 2254 federal habeas petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Crouch argues that the district court erred in dismissing his § 2254 petition as time-barred. Because Crouch's 1991 sexual assault conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act, Crouch had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one year from April 24, 1996, within which to file his § 2254 petition.  See § 2244(d)(1); Flanagan v. Johnson, 154 F.3d 196, 199-200 & n.2 (5th Cir. 1998).  While Crouch's appeal was pending, this court held that the tolling provision in § 2244(d)(2) is applicable to the one-year grace period.  Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).  The one-year grace period was tolled while Crouch's state habeas application was pending from August 29, 1996, to April 9, 1997.  See id. Therefore, Crouch's § 2254 petition, which was filed on May 29, 1997, was timely filed.  See id.  The district court's judgment is VACATED and the case is REMANDED for further proceedings. Crouch's motion for appointment of counsel is DENIED.  Crouch's motion for acquittal is DENIED.

VACATED AND REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION FOR ACQUITTAL DENIED.